| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: |
| **District of Delaware** |
| (State) |
| Case number *(if known)*: _____   Chapter __11__ |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/22**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Tricida, Inc. |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Trilypsa, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 4 6 - 3 3 7 2 5 2 6 |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **7000 Shoreline Court** <br> Number    Street <br> **Suite 201** <br> **South San Francisco, CA 94080** <br> City    State    Zip Code <br><br> **San Mateo County** <br> County <br><br> **Mailing address, if different from principal place of business** <br> Number    Street <br> P.O. Box <br> City    State    Zip Code <br><br> **Location of principal assets, if different from principal place of business** <br> Number    Street <br> City    State    Zip Code |
| 5. | **Debtor's website** (URL) | https://www.tricida.com |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

30035858.1

Debtor      **Tricida, Inc.**                                        Case number *(if known)* _____
            Name

| 7. | Describe debtor's business | A. *Check One:* |
|---|---|---|
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☒ None of the above |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . 3 2 5 4 |

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check One:* |
|---|---|---|
| | | ☐ Chapter 7 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | ☐ Chapter 9 |
| | | ☒ Chapter 11. *Check all that apply:* |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| 9. | Were prior bankruptcy cases filed by or against the debtor within the last 8 years? If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes. | District _____ When _____ Case number _____<br>                        MM/DD/YYYY<br>District _____ When _____ Case number _____<br>                        MM/DD/YYYY |

Debtor __Tricida, Inc._____    Case number *(if known)* _____
        *Name*

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☒ No<br>☐ Yes.    Debtor _____<br>            District _____<br>            Case number, if known _____ | Relationship _____<br><br>When __MM / DD / YYYY__ |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                    Number     Street

                                      City                          State   Zip Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.    Insurance agency _____
                Contact name _____
                Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49            ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99          ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000       ☐ More than 100,000
☒ 200-999

Debtor   __Tricida, Inc.__                    Case number *(if known)* _____
      Name

| | | | |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☒ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __01/11/2023__
                MM/ DD / YYYY

✗  */s/ Robert McKague*                                **Robert McKague**
   Signature of authorized representative of debtor      Printed name

Title  **Executive Vice President, General Counsel & Chief Compliance Officer**

**18. Signature of attorney**

✗  */s/ Sean Beach*                               Date  __01/11/2023__
   Signature of attorney for debtor                                 MM/DD/YYYY

**Sean Beach**
Printed name

**Young Conway Stargatt & Taylor, LLP**
Firm name

**1000 North King Street**
Number        Street

**Wilmington**                                                        **DE**            **19801**
City                                                                       State           ZIP Code

**(302) 571-6600**                                                **sbeach@ycst.com**
Contact phone                                                       Email address

**4070**                                                                **Delaware**
Bar number                                                          State

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| TRICIDA, INC.,[1] | ) Case No. 23-_____(___) |
| Debtor. | ) |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  **CIK0001595585**

The following financial data is the latest available information and refers to the debtor's condition on **September 30, 2022**

| | |
|---|---|
| Total assets | $ **93,879,000** |
| Total debts (including debts listed in 2.c., below) | $ **229,977,000** |

Debt securities held by more than 500 holders

secured ☐   unsecured ☐   subordinated ☐   $ _____
secured ☐   unsecured ☐   subordinated ☐   $ _____
secured ☐   unsecured ☐   subordinated ☐   $ _____
secured ☐   unsecured ☐   subordinated ☐   $ _____
secured ☐   unsecured ☐   subordinated ☐   $ _____

| | |
|---|---|
| Number of shares of preferred stock | **0** |
| Number of shares of common stock | **55,694,651** |

Comments, if any:    **Total assets and total debts are listed as set forth in the Debtor's unaudited balance sheet for fiscal period ended September 30, 2022.  To the Debtor's knowledge, the shares of common stock listed above are those outstanding as of September 30, 2022.**

Brief description of debtor's business:    **The Debtor is a clinical-stage biopharmaceutical company.**

List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

---

[1] The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is Tricida, Inc. (2526).  The Debtor's service address is 7000 Shoreline Court, Suite 201, South San Francisco, CA 94080.

Page 4

# SECRETARY'S CERTIFICATE OF
# <u>TRICIDA, INC.</u>

January 11, 2023

The undersigned, being the duly authorized Secretary of Tricida, Inc., a Delaware corporation (the "<u>Company</u>") hereby certifies as follows:

1. I am the duly qualified and elected Secretary of the Company. As such, I am familiar with the facts herein certified and am duly authorized to certify the same on behalf of the Company.

2. Attached hereto as **<u>Exhibit A</u>** is a true, correct, and complete copy of the Resolutions of the Board of Directors (the "<u>Board</u>") of the Company that were duly adopted at a properly convened meeting of the Board on January 10, 2023 (the "<u>Resolutions</u>").

3. Such Resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other, subsequent resolutions of the Board relating to the matters set forth in the Resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: <u>/s/ Robert McKague</u>
Name: Robert McKague
Title: Secretary, EVP, General Counsel, & Chief Compliance Officer

30035693.1

## Exhibit A

Resolutions

*See attached.*

RESOLUTIONS OF
THE BOARD OF DIRECTORS OF
TRICIDA, INC.

**Chapter 11 Filing**

**WHEREAS**, the Board of Directors (the "***Board***") of Tricida, Inc., a Delaware corporation (the "***Company***") has considered presentations by the Company's management ("***Management***") and its legal and financial advisors (collectively, the "***Advisors***") regarding (a) the assets, the current and long-term liabilities, the historical performance, liquidity, and prospects of the Company, (b) the strategic alternatives available to the Company, and (c) the potential effects of the foregoing on the Company's business and stakeholders (collectively, the "***Strategic Alternatives***").

**WHEREAS**, in connection with its consideration of the Strategic Alternatives, the Board has reviewed a proposed Restructuring Support Agreement between the Company and, potentially among others, certain holders of the 3.50% Convertible Senior Notes Due 2027 (as such agreement may be amended, modified or supplemented from time to time, the "***Restructuring Support Agreement***"), which contemplates (a) the filing of a voluntary petition (the "***Petition***") to commence a case (the "***Bankruptcy Case***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"), (b) a sale of all or a portion of the Company's assets pursuant to section 363 of the Bankruptcy Code, and (c) distributions to creditors pursuant to a chapter 11 plan of liquidation consistent with the term sheet set forth in Exhibit A to the Restructuring Support Agreement (as such plan may be amended, modified or supplemented from time to time, the "***Plan***").

**WHEREAS**, the Board has received, reviewed considered and discussed the recommendations of Management and the Advisors and fully considered the Strategic Alternatives, including the relative risks and benefits of pursuing bankruptcy proceedings under the provisions of chapter 11 of the Bankruptcy Code, and has determined that it is desirable and in the best interests of the Company, its creditors, its stockholders and other interested parties that the Company (a) file the Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court to commence the Bankruptcy Case, (b) enter into the Restructuring Support Agreement, and (c) consummate the transactions contemplated thereby, including the Plan, on the terms and subject to the conditions set forth therein.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company shall be, and hereby is, authorized and directed to file the Petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing.

**RESOLVED FURTHER**, that the form and terms of the Restructuring Support Agreement, including all exhibits thereto and transactions contemplated thereby, including the Plan, be, and each of them hereby is, authorized and approved in substantially the form presented to the Board.

30035694.1

**RESOLVED FURTHER**, that any officer, director or other authorized person of the Company or any of their delegates (each individually, an "***Authorized Person***" and collectively, the "***Authorized Persons***") shall be, and each of them, acting alone, hereby is, authorized and empowered in the name of and on behalf of the Company to verify, modify (as necessary or desirable), execute, and/or file or cause to be filed the Petition, its ancillary documents, and all other schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing in such form or forms as any such Authorized Person may approve.

**RESOLVED FURTHER**, that the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of Company to negotiate, execute and deliver the Restructuring Support Agreement and the Plan and any ancillary or related documents in such form and with such changes, additions and modifications thereto as any such Authorized Officer may deem necessary, appropriate or advisable, the execution and delivery thereof to be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

**RESOLVED FURTHER**, that each of the Authorized Persons of the Company or their designees shall be, and each of them acting alone hereby is, authorized, directed and empowered, in the name of and on behalf of the Company, to pay all expenses, including Advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such payments to be conclusive evidence of such approval and that such Authorized Person deemed the same to be so necessary, appropriate or advisable.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

**RESOLVED FURTHER**, that each Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of such Authorized Person, shall be necessary, proper, or desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of the Company's debt, other obligations, organizational form, or structure and ownership of the Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions.

**RESOLVED FURTHER**, that the Authorized Persons be, and they hereby are, authorized to bind the Company for the purposes of the resolutions herein.

      **RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions or hereby waives any right to have received such notice.

**Retention of Advisors**

      **RESOLVED FURTHER**, that, in connection with the Bankruptcy Case, the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of the Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Bankruptcy Case, with a view to the successful prosecution of the Bankruptcy Case.

      **RESOLVED FURTHER**, that the law firm of Sidley Austin LLP, 555 West Fifth Street, Los Angeles, CA 90013, is hereby retained and employed as attorneys for the Company in the Bankruptcy Case.

      **RESOLVED FURTHER**, that the law firm of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, is hereby retained and employed as attorneys for the Company in the Bankruptcy Case.

      **RESOLVED FURTHER**, that the financial advisory firm of SierraConstellation Partners, LLC, 355 S. Grand Avenue, Suite 1450, Los Angeles, CA 90071, is hereby retained and employed as financial advisors for the Company in the Bankruptcy Case.

      **RESOLVED FURTHER**, that Stifel, Nicolaus & Company, Inc. and its wholly-owned advisory and investment banking firm Miller Buckfire, LLC (collectively, "***Stifel-MB***"), 787 7th Avenue, 5th Floor, New York, NY 10019, is hereby retained and employed as investment bankers for the Company in the Bankruptcy Case.

      **RESOLVED FURTHER**, that the firm of Kurtzman Carson Consultants LLC, 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, CA, 90245, is hereby retained and employed as claims agent for the Company in the Bankruptcy Case.

      **RESOLVED FURTHER**, that the Authorized Persons, be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, consent payments, indemnities, taxes and other expenses such Authorized Person deems necessary, appropriate or advisable, and (iii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments in such form and with such changes, additions and modifications thereto as any such Authorized Person may deem necessary, appropriate or advisable in connection with the retention and employment of professionals contemplated by the foregoing resolutions, the execution, delivery, performance and filing thereof to be conclusive evidence of the approval thereof by such Authorized Person and by the Board.

**Asset Sale Procedures**

**WHEREAS**, in connection with the filing of the Petition, there has been presented to the Board proposed procedures for a marketing and bidding process (the "***Bidding Procedures***") in connection with a potential sale or sales (collectively, the "***Sale***") of all or substantially all of the Company's assets, or any portion thereof (the "***Assets***"), pursuant to section 363 of the Bankruptcy Code.

**WHEREAS**, the Bidding Procedures contemplate the Company entering into one or more purchase agreements to effectuate the Sale of the Assets (each a "***Purchase Agreement***").

**WHEREAS**, there has been presented to the Board a motion to be filed with the Bankruptcy Court (the "***Bidding Procedures and Sale Motion***") seeking, among other things, the Bankruptcy Court's (a) approval of the Bidding Procedures and (b) authorization for the Company to enter into one or more Purchase Agreements.

**WHEREAS**, the Board, having fully discussed and considered the Strategic Alternatives with the Advisors, has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties that the Company pursue a Sale of the Assets in the manner outlined in the Bidding Procedures and the Bidding Procedures and Sale Motion.

**NOW, THEREFORE, BE IT RESOLVED**, that the form and terms of the Bidding Procedures, the Bidding Procedures and Sale Motion, and all exhibits thereto, each in substantially the form presented to the Board, be, and each of them hereby is, authorized and approved.

**RESOLVED FURTHER**, that the Company and its Advisors are hereby authorized to solicit offers for the Sale of the Assets and enter into one or more Purchase Agreements in accordance with the terms of the Bidding Procedures.

**RESOLVED FURTHER**, that the Authorized Persons be, and each of them hereby is, authorized and directed on behalf of the Company to take such actions and to make, sign, execute, acknowledge, and deliver all such additional documents, agreements, and certificates as may be reasonably required to give effect to the consummation of the transactions contemplated by these resolutions, and to execute and deliver such documents, agreements, and certificates, and to fully perform the terms and provisions thereof.

**Ratification**

**RESOLVED FURTHER**, that the Board hereby ratifies, confirms, approves and adopts all actions previously taken and all agreements, instruments, reports and documents previously executed, delivered or filed through the date hereof by Authorized Persons that are approved by the foregoing resolutions.

**Omnibus Resolution**

**RESOLVED FURTHER**, that the Authorized Persons, and each of them with full authority to act without the others, are hereby authorized to do all things necessary or desirable, in their sole discretion, to carry out the intent of the foregoing resolutions.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRICIDA, INC.,[1] | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Tricida, Inc. (the "**Debtor**") is a publicly traded company.

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtor is not aware of any corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interests.

[*Remainder of page intentionally left blank*]

---

[1] The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is Tricida, Inc. (2526). The Debtor's service address is 7000 Shoreline Court, Suite 201, South San Francisco, CA 94080.

30035858.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRICIDA, INC.,[1] | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF REGISTERED EQUITY SECURITY HOLDERS

| Registered Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cede & Co | 570 Washington Blvd. Jersey City, NJ 07310 | 94% |
| Longitude Venture Partners II LP | 2740 Sand Hill Rd., Menlo Park, CA 94025 | 4.98% |
| Kai David Klaerner | Goerdtstrasse 69 44803 Bochum NOrdrhein-Westfallen, Germany | <1% |
| Ruth Valerie Klaerner | Lottumstrasse 13A 10119 Berlin, Germany | <1% |
| Andy Yang | 32345 Derby Street Union City, CA 94587 | <1% |
| Andy Yang | 32345 Derby Street Union City, CA 94587 | <1% |
| Andy Yang | 32345 Derby Street Union City, CA 94587 | <1% |
| Coufal Irrevocable Trust | 18313 Calle La Serra Rancho Santa Fe, CA 92091 | <1% |
| Edward J Hejlek | 13552 Sunset Ridge Lane Saint Louis, MO 63128 | <1% |
| Elias Feresenbet | 426 Boynton Avenue, Apt. 220 San Jose, CA 95117 | <1% |
| Elias Feresenbet | 426 Boynton Avenue, Apt. 220 San Jose, CA 95117 | <1% |
| Gena Yoon | 554 30th Avenue San Francisco, CA 94121 | <1% |
| Gena Yoon | 554 30th Avenue San Francisco, CA 94121 | <1% |
| Gerrit Klaerner, PhD | 10 Kingswood Circle Hillsborough, CA 94010 | <1% |
| Jasmine Caldwell | 423 Swallowtail Court Brisbane, CA 94005 | <1% |
| Klaus R. Veitinger 2016 Children's Trust | 9819 N. Hilltop Lane Mequon, WI 53092 | <1% |
| Mary Bordeaux | 1348 Francisco Street San Francisco, CA 94123 | <1% |

---

[1] The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is Tricida, Inc. (2526). The Debtor's service address is 7000 Shoreline Court, Suite 201, South San Francisco, CA 94080.

| Registered Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Melissa Miksch J.D. | 10 Kingswood Circle<br>Hillsborough, CA 94010 | <1% |
| Sandra Coufal M.D. | 18313 Calle La Serra<br>Rancho Santa Fe, CA 92091 | <1% |
| Sigrun R. Veitinger 2016 Irrevocable Trust | 9819 N. Hilltop Lane<br>Mequon, WI 53092 | <1% |

30035858.1

Fill in this information to identify the case:

Debtor name  **In re Tricida, Inc.**

United States Bankruptcy Court for the:  **District of Delaware**

Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 1 | Patheon Austria GmbH & Co KG | St.-Peter-Strasse 25<br>A-4020 Linz/Austria<br>Austria<br>437-326-9160<br>klaus.hilber@thermofisher.com<br>bettina.spoliti@thermofisher.com | Vendor / manufacturer | Contingent, unliquidated, disputed | 20,467,523 | | |
| 2 | Worldwide Clinical Trials Ltd | Fourth Floor, East West<br>Tollhouse Hill<br>Nottingham NG1 5FS<br>United Kingdom<br>+44-(0)115-956-7711<br>Maria.Kerimova@worldwide.com | Clinical vendor | Unliquidated | 2,113,330 | | |
| 3 | Pharmaceutical Research Associates Inc dba ICON plc | P.O. Box 200072<br>Dallas TX 75320-0072<br>United States<br>434-951-3493<br>pontoneric@prahs.com | Clinical vendor | Unliquidated | 1,378,835 | | |
| 4 | Medpace Research Inc. | PO Box 844841<br>Boston, MA 02284-4841<br>United States<br>1 513-579-9911<br>s.ewald@medpace.com | Clinical vendor | Unliquidated | 556,293 | | |
| 5 | GI ETS Shoreline LLC | 6720 N. Scottsdale Road, Suite 350<br>Scottsdale, AZ 85253<br>United States<br>773-983-4507<br>ElaineX.Chan@jll.com | Landlord | Unliquidated | 402,659 | | |
| 6 | Clinigen Clinical Supplies Management Inc. | 300 Technology Drive<br>Malvern, PA 19355<br>United States<br>215-596-4370<br>ar@csmOnDemand.com | Clinical vendor | Unliquidated | 367,205 | | |
| 7 | George Clinical Pty Ltd | Level 5.1 King Street<br>Newton<br>New South Wales  2042<br>Australia<br>61280524300<br>info@georgeclinical.com | Clinical vendor | Unliquidated | 321,574 | | |
| 8 | Medpace Reference Laboratories | PO Box 844841<br>Boston, MA 02284-4841<br>United States<br>513-579-9911<br>s.ewald@medpace.com | Clinical vendor | Unliquidated | 265,860 | | |

Debtor  **In re Tricida, Inc.**                                                                              Case number *(if known)*
           Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 9 | Managed Market Insight & Technology | 1040 Stony Hill Road, Suite 300 Yardley, PA 19067 United States 267-751-3094 AR-MMIT@MMITNetwork.com | Vendor | Unliquidated | 224,000 | | |
| 10 | Clinigen Clinical Supplies Management Inc. Europe GmbH | Am Kronberger Hang 3 65824 Schwalbach am Taunus Germany 0049-6196-5861-201 arde@csmondemand.com | Clinical vendor | Unliquidated | 158,174 | | |
| 11 | PPD Development LP | 26361 Network Place Chicago IL 60673-1263 United States 910-251-0081 MadisonGMPContracts@ppdi.com | Contract manufacturing | Unliquidated | 157,612 | | |
| 12 | World Courier Inc. | P.O. Box 842325 Boston MA 02284-2325 United States 1 800-223-4461 WorldCourierUS@worldcourier.com | Contract transportation | Unliquidated | 113,645 | | |
| 13 | PharmaStat LLC | 39270 Paseo Padre Parkway #102 Fremont, CA 94538-1616 United States 510-656-2080 cchesbrough@pharmastat.com | Clinical vendor | Unliquidated | 94,013 | | |
| 14 | Argot Partners, LLC | 767 Third Avenue, 34th Fl. New York NY 10017 United States 347-345-6415 nikki@argotpartners.com | Professional services | Unliquidated | 41,214 | | |
| 15 | TCG Builders, Inc. DBA The Core Group | 890 N. McCarthy Blvd., Suite 100 Milpitas, CA 95035 United States 408-321-6450 anm@tcgbuilders.com | Vendor | Unliquidated | 33,546 | | |
| 16 | Hands On, LLC | 795 Folsom Street, 1st Floor San Francisco CA 94107 United States 914-630-1131 kmatz@handscom.com | Vendor | Unliquidated | 25,600 | | |
| 17 | Planet Pharma LLC | 800 Hillgrove Avenue, Suite 201 Western Spring, IL 60558 United States 708-286-1335 accounting@planet-pharma.com | Clinical vendor | Unliquidated | 23,985 | | |
| 18 | Stacy A Meluskey | [Available upon request] 510-258-9079 stacymeluskey@gmail.com | Clinical vendor | Unliquidated | 21,825 | | |
| 19 | Regulogix Consulting, LLC | 2186 9th Avenue San Francisco CA 94116 United States 415-385-8585 marina@regulogixconsulting.com | Professional services | Unliquidated | 12,248 | | |
| 20 | Labcorp Endpoint Clinical Inc. | PO Box 2505 Burlington, NC 27216 United States 415-229-1600 ar@endpointclinical.com | Clinical vendor | Unliquidated | 11,300 | | |

4888-6827-9111v.1

| | |
|---|---|
| **Fill in this information to identify the case and this filing:** | |
| Debtor Name | Tricida, Inc. |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **Corporate Ownership Statement, List of Registered Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 01/11/2023 | /s/ Robert McKague |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Robert McKague** |
| | | Printed name |
| | | **Executive Vice President, General Counsel, and Chief Compliance Officer** |
| | | Position or relationship to debtor |

**Official Form 202**        Declaration Under Penalty of Perjury for Non-Individual Debtors

30035858.1